**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 26-** |
| **v.** | : | **DATE FILED:** |
| **MAUREEN McCLURE** | : | **VIOLATIONS:** |
| | | **18 U.S.C. § 1344 (bank fraud – 2 counts)** |
| | : | **Notice of forfeiture** |

## INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. Defendant MAUREEN McCLURE, a resident of Pottstown, Pennsylvania, was a bookkeeper employed by Company 1 from in or about 2008 until in or about December 2021.

2. Company 1, which maintained a location in the Eastern District of Pennsylvania, was a subsidiary of a larger corporation which had locations in other states.

3. Bank of America, National Association ("BOA") issued business credit cards ("BOA Credit Cards") that were a product of and were managed by BOA, a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation, certificate no. 3510.

4. In order to conduct its operations, Company 1 obtained BOA Credit Cards for the use of Company 1's employees for business purposes.

5. Although the BOA Credit Cards that were issued to Company 1 employees were in the name of the employee named on the card, Company 1 received the

monthly billing statements for these cards and was responsible for paying for charges made on the credit cards.

6.    Only the current employees named on Company 1's BOA Credit Cards were authorized by BOA to use those cards.

7.    Company 1 employees were only allowed to use BOA Credit Cards issued in the name of the employee for business purposes, such as airfare and hotels for business trips and payment to vendors. Employees were not allowed to use BOA Credit Cards for personal use.

8.    From in or about March 2017 to in or about December 2021, defendant MAUREEN McCLURE was the person solely responsible for recording and reconciling the credit card transactions for employees of Company 1 who had a BOA Credit Card that had been issued in the employee's name, after which she authorized payment for those transactions and submitted them for payment to Company 1's corporate parent, which made payments to BOA.

9.    Former Employee 1 had been assigned a BOA Credit Card in Former Employee 1's name during her employment with Company 1, which she returned to Company 1 in or about late February 2017 when her position was terminated due to corporate restructuring.

10.    From in or about March 2017 to in or about January 2021, in the Eastern District of Pennsylvania, defendant

**MAUREEN McCLURE**

knowingly executed, and attempted to execute, a scheme to defraud BOA, and to obtain monies owned by and under the care, custody, and control of BOA by means of false and fraudulent pretenses, representations, and promises.

**THE SCHEME**

It was part of the scheme that:

11.     From in or about March 2017 through in or about January 2021, defendant MAUREEN McCLURE, knowing that neither she nor Former Employee 1 were authorized to make any purchases using the BOA Credit Card in the name of Former Employee 1, and that BOA would not have permitted the charges to be made if BOA was aware that the charges were made by an unauthorized individual, made approximately $201,465.72 of unauthorized personal purchases. These expenses included but were not limited to personal purchases from restaurants and drug, grocery, convenience, and retail stores, utility and internet bills for her personal home, and telephone and veterinarian bills.

12.     From in or about March 2017 through in or about January 2021, defendant MAUREEN McCLURE used her position as accountant for Company 1 to approve these unauthorized expenses and submit them for payment to Company 1's corporate offices, at times by submitting falsified or altered receipts, invoices, and other documents. None of the purchases made by defendant McCLURE were for an authorized business purpose.

All in violation of Title 18, United States Code, Section 1344.

3

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

At all times material to this information:

1. Paragraphs 1 and 2 of Count One are incorporated here.

2. Regions Bank ("Regions") issued business debit cards ("Regions Debit Cards") that were a product of and were managed by Regions, a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation, certificate no. 12368.

3. In order to conduct its operations, Company 1 obtained Regions Debit Cards for the use of Company 1's employees for business purposes.

4. Although the Regions Debit Cards that were issued to Company 1 employees were in the name of the employee named on the card, Company 1 received the monthly billing statements for these cards and was responsible for funding the debit cards.

5. Only the current employees named on Regions Debit Cards were authorized by Regions to use those cards.

6. Company 1 employees were only allowed to use Regions Debit Cards issued in the name of the employee for business purposes, such as lodging and incidental expenses for business trips and payment to vendors. Employees were not allowed to use Regions Debit Cards for personal use.

7. Defendant MAUREEN McCLURE was the person responsible for funding the debit cards for employees of Company 1 who had a Regions Debit Card that had been issued in the employee's name, and for maintaining records of funding to those cards and transactions made with those cards.

4

8.    Former Employee 2 had been assigned a debit card during his employment with Company 1, which he returned to Company 1 when he was no longer employed by Company 1 in or about June 2019. Former Employee 2 was rehired by Company 1 in or about April 2021 and worked for Company 1 until in or about early July 2021. Former Employee 2 did not use Company 1's Regions Debit Card in his name during his second employment with Company 1.

9.    From in or about December 2020 to in or about November 2021, in the Eastern District of Pennsylvania, defendant

**MAUREEN McCLURE**

knowingly executed, and attempted to execute, a scheme to defraud Regions, and to obtain monies owned by and under the care, custody, and control of Regions by means of false and fraudulent pretenses, representations, and promises.

**THE SCHEME**

It was part of the scheme that:

10.    From in or about December 2020 through in or about November 2021, defendant MAUREEN McCLURE used her position as accountant for Company 1 to cause funds to be added to Former Employee 2's debit card.

11.    From in or about December 2020 through in or about November 2021, defendant MAUREEN McCLURE, knowing that she was not authorized to use the Regions Debit Card issued in the name of Former Employee 2, and that Regions would not have permitted her to make withdrawals via the Regions Debit Card if Regions had known that the withdrawals were unauthorized, made approximately $28,119.14 of unauthorized ATM cash

5

withdrawals and purchases. None of the cash withdrawals or purchases made by defendant McCLURE were for an authorized business purpose.

All in violation of Title 18, United States Code, Section 1344.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Section 1344, set forth in Counts One and Two of this information, defendant

### MAUREEN McCLURE

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to, the sum of $229,584.86.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

> (a)      cannot be located upon the exercise of due diligence;
>
> (b)      has been transferred or sold to, or deposited with, a third party;
>
> (c)      has been placed beyond the jurisdiction of the Court;
>
> (d)      has been substantially diminished in value; or
>
> (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2).

**DAVID METCALF**
**UNITED STATES ATTORNEY**

7

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

MAUREEN McCLURE

INFORMATION

Counts
18 U.S.C. § 1344 (bank fraud – 2 counts)
Notice of forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____day,
Of _____A.D. 20_____

_____
Foreperson

Bail, $_____